LINDSAY, Judge.
The state appealed from the trial court’s. denial of its request to recover the costs incurred in obtaining blood tests in a child support action. For the reasons assigned below, we reverse the trial court ruling.
FACTS
In 1969, Edna Thomas and the defendant, Robert Thomas, were married. In 1981, a child, Deesha Thomas, was born to Mrs. Thomas. In 1986, the parties were divorced.
On October 20, 1988, the state filed a rule for child support against the defendant. The defendant filed an answer in which he denied paternity. Mr. Thomas also filed a motion to require blood tests, pursuant to LSA-R.S. 9:397, et seq.
Subsequently, the state also filed a motion to compel blood tests. The defendant filed a motion in opposition to the blood tests. He alleged that he was financially unable to bear the costs of the tests. Furthermore, he asked that the test results not be admitted into evidence because he lacked the financial means to seek independent experts to conduct similar tests to contradict the results of those performed pursuant to the court order. He contended that the test results alone would be insufficient to prove parentage and that the test results should not be considered if there was no other strong corroborating evidence that he was the child’s father.
Following a hearing, the defendant’s opposition was overruled. The trial court ordered the defendant to submit a blood sample for expert examination. A judgment to that effect was signed on December 18, 1989. The blood tests were conducted in January, 1990. The expert performing the tests concluded that the probability of paternity was 99.95%.
In response to the defendant’s attempt to deny paternity, the state filed peremptory exceptions of prescription, no cause of action, and no right of action. It asserted that the defendant’s pleadings were an untimely attempt to disavow the paternity of the child.
At a hearing on May 14, 1990, the defendant conceded that the state’s exceptions were valid. Child support was then set at $46.00 per month. The state then sought an order requiring the defendant to pay the costs of the blood tests in the amount of $240.00, pursuant to LSA-R.S. 9:397.1. The trial court denied the request.
The state appealed. On appeal, the state asserts that the trial court erred in failing to assess the costs of the blood tests against the defendant in accordance with LSA-R.S. 9:397.1.
LAW
The state argues that the trial court should have allowed it to recover the costs of the blood tests, pursuant to LSA-R.S. 9:397.1. This statute provides as follows:
A. The costs of the blood tests conducted by the expert witness appointed by the court shall be fixed at a reasonable amount. The costs shall be paid by the party who requested that such tests be conducted. If the court orders the blood tests on its own motion, the petitioner shall advance the costs of the tests and the court shall tax the costs to the party cast in judgment. The compensation of each expert witness appointed by the court and called by a party shall be fixed at a reasonable amount. It shall be paid by the party who calls the expert. However, if the alleged father acknowledges paternity or is adjudged to be the father by the court, he shall pay the costs of the blood tests and compensation of the expert witness appointed by the court, which shall be taxed as costs of court. The fee of an expert witness called by a party but not appointed by the court shall be paid by the party calling him but may not be taxed as costs in the action.
*1136 B. If the state, a political subdivision of the state, or the petitioner pays the initial costs of testing under this Part in a paternity action, the state, political subdivision, or petitioner may recover those costs from an individual found to be the father of the child in the action. The court shall determine the manner in which the reimbursement for the costs shall be made. [Emphasis ours]
In the instant case, the defendant initially attempted to contest paternity. In response to this denial, the state reasonably sought the blood tests. It was only after the state obtained the test results, and paid therefor, that the defendant conceded that he could not disavow paternity.
The court should have ordered the defendant to pay the costs of the blood tests, as required by LSA-R.S. 9:397.1. Subsection A requires that the party who requested the blood tests pay the costs initially. However, if the alleged father either acknowledges paternity or is adjudged to be the father, he shall be required to pay the costs of the blood tests, which shall be taxed as court costs. LSA-R.S. 9:397.1 is part of a statutory scheme designed to require that parents, not the state, bear the primary financial responsibility for their children. Specifically, the statute includes a mandatory legislative directive requiring that a recalcitrant father who refused to acknowledge his child ultimately bear the expense of the test proving his biological relationship to the child. We find that requiring the state to pay the costs of these tests when the father is financially able to do so would frustrate this statutory scheme.[1]
The defendant contends, however, that the assessment of costs, including the costs of the blood tests, was within the discretion of the trial court. The defendant contends that the use of the word “may”, in the first sentence of Subsection B, makes the assessment of the costs of the blood tests discretionary, and that “shall”, in the next sentence, refers only to the manner of reimbursement, if ordered.
The tenor of Subsection B supports the general proposition that an individual adjudged to be the father should bear the costs of the blood tests. Additionally, Subsection B provides the state, a political subdivision of the state, or the petitioner, not the court, with discretion to seek the costs of the blood tests from the father, while allowing the court to determine the manner of payment.
CONCLUSION
The ruling of the trial court denying the state’s request to recover the costs of the blood tests is reversed. Accordingly, we amend the trial court judgment to provide:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the costs of the blood tests, in the amount of $240.00, be assessed against the defendant, Robert Thomas, as court costs.
All costs of this appeal are assessed against the defendant.
REVERSED; JUDGMENT AMENDED.

. The record fails to demonstrate that the defendant in the present case was an indigent unable to bear the costs of the blood tests.